**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hermelinda VEGA, Defendant– Appellant.**

**No. 98–50548.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1999.

Decided Aug. 26, 1999.

Jami L. Ferrara, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

John H. Gomez, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and COLLINS,[1] District Judge.

COLLINS, District Judge:

Hermelinda Vega was arrested on November 8, 1997 after customs officers discovered 89.8 pounds of marijuana in the van she was driving from Mexico to the United States via the Calexico Port of Entry in Calexico, California. Thereafter, Vega was indicted for importation of marijuana, possession of marijuana and aiding and abetting in violation of 21 USC §§ 952, 960 & 841(a)(1) and 18 USC § 2. A jury trial followed. On May 14, 1998 the jury returned a guilty verdict on all counts.

Vega appeals her jury conviction. Her first claim is that the district court erred in admitting evidence of her prior border crossings and bank deposits because the government failed to give the requisite pretrial notice. Her second claim is that the district court erred by failing to grant a mistrial when the prosecutor's closing argument implied that Vega had smuggled drugs in the past but had not been caught. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the conviction and remand for a new trial.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence allows the admission of evidence of other crimes, wrongs or acts for purposes including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). The Rule also requires that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any

---

1. The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

such evidence it intends to introduce at trial." *Id.* Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues. *United States v. Perez–Tosta,* 36 F.3d 1552, 1561 (11th Cir.1994). Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment.

> The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed.R.Evid. 404(b), advisory committee note, 1991 amendment.

Here, Vega made a proper pretrial request for all "other acts" evidence pursuant to Fed.R.Crim.P. 16(a)(1)(C) and Fed. R.Evid. 404(b) and 609. The government did not produce anything pursuant to that request. Thereafter, Vega moved in limine to exclude any Rule 404(b) evidence at trial based on the government's failure to produce any evidence of other acts pursuant to her discovery request. At the motions in limine hearing, the government told the court that it was not aware of any Rule 404(b) evidence. The district court ruled that Vega's motion was moot because there was nothing to exclude.

At trial, Vega's reasons for being in Mexico were at issue. She testified that she traveled to Mexico because of an extra-marital affair. On cross examination,

the prosecutor questioned Vega about prior trips to Mexico. Specifically, the prosecutor asked Vega about the exact dates and times that she crossed the border in the four weeks prior to her arrest. Vega admitted that she crossed on the dates and times indicated by the prosecutor. The prosecutor also questioned Vega about specific cash deposits to her savings account following her trips to Mexico. Again, Vega admitted to making the cash deposits indicated by the prosecutor. Vega's attorney objected to the entire line of questioning at a sidebar based on relevancy and Rule 403 grounds. The court overruled the objection.

Immediately following the close of Vega's case, the prosecutor called two witnesses as part of its rebuttal case. The first witness the government called was Thomas M. Kait, a Customs Service Senior Inspector. Mr. Kait testified, consistent with Vega's admissions, that a car registered to Vega crossed the border on certain dates at certain times. Documentary evidence corroborating Mr. Kait's testimony was introduced. The other witness the government called was Steve Reed, a custodian of records for Bank of America. Mr. Reed testified, consistent with –but more specific than– Vega's testimony, that Vega made certain cash deposits into her savings account on certain dates. Documentary evidence corroborating Mr. Reed's testimony was also introduced.

■ Vega's attorney moved to strike the rebuttal evidence on the ground that there was nothing to rebut since Vega admitted the border crossings and cash deposits. The district court held that the admission of the rebuttal witnesses and documentation was proper because it was more specific and it went towards rebutting Vega's claim of why she had gone down to Mexico.[2]

■ We review the decision to admit evidence for abuse of discretion and re-

---

2. Although not necessary for our resolution of this appeal, we agree with Vega that the prosecution's two witnesses were improper rebuttal witnesses because there was nothing to

rebut. The district court committed error in admitting their testimony and corresponding documentary evidence.

verse unless the error is harmless. *United States v. Tafollo–Cardenas*, 897 F.2d 976, 979 (9th Cir.1990). The court must reverse unless it is more probable than not that the error did not materially affect the verdict. *United States v. Mitchell*, 172 F.3d 1104, 1110–11 (9th Cir.1999).

■ First, we examine whether evidence of Vega's prior border crossings and bank deposits is "other acts" evidence subject to the provisions of Rule 404(b).[3] We conclude that it is. As an initial matter, we note that this rule applies to all "other acts," not just bad acts. *See* Fed.R.Evid. 404(b). Thus, despite the fact that there is nothing intrinsically improper about Vega's prior border crossings or bank deposits, they are nonetheless subject to 404(b). The district court expressly recognized this fact at trial when it conducted a 404(b) analysis before ruling on the admissibility of Vega's bank statements. Even the prosecutor implicitly acknowledged that 404(b) applies to this evidence when, at a sidebar during trial, he told the district court "I am going to argue that the jury is entitled to infer that this fifth episode is part of a common scheme or plan, the way she does business. I am going to tell them she is not on trial for the four events, they are entitled to consider them as relevant on her knowledge in this case. That is proper, your honor." By its own admission, the government intended to introduce Vega's border crossings and bank statements as "other acts" evidence under Rule 404(b).

■ Second, we must determine whether the requirements of Rule 404(b) have been fulfilled. Because the notice requirement in Rule 404(b) is not triggered until the accused makes a request, we look first to determine if the accused made a 404(b) request. Here, the accused made such a request prior to trial.

We then examine whether the government fulfilled its obligation to provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). To make this determination, we must look at two things: (1) did the government intend to introduce this evidence at trial; and (2) if so, did it provide reasonable notice.

■ In this case, the record is clear that the government intended to introduce evidence of Vega's prior border crossings and bank deposits at trial. Prior to trial, the government subpoenaed the border crossing and bank records, as well as the two witnesses. It is of no consequence that the government did not know with absolute certainty that it would introduce that evidence until the defendant took the stand. The rule mandates that the government provide notice even if the government intends to introduce the evidence for impeachment or for *possible* rebuttal. *See* Fed.R.Evid. 404(b), advisory committee note, 1991 amendment (emphasis added).[4]

---

**3.** We recognize that this Circuit has previously held that TECS reports (the same type of documentary evidence that established Vega's prior border crossings in this case) are not within the scope of Rule 404(b). *United States v. Sanchez–Robles*, 927 F.2d 1070, 1078 (9th Cir.1991). However, *Sanchez–Robles* is not controlling because the border crossings at issue there were "intrinsic" acts. That is, they were inextricably intertwined with the charged crime. Here, Vega's prior border crossings were not inextricably intertwined with the charged crime, making them "extrinsic" prior acts. As such, they are subject to Rule 404(b). *Id. See generally United States v. Green*, 175 F.3d 822 (10th Cir.1999); *United States v. Navarro*, 169 F.3d 228, 233 (5th

Cir.1999); *United States v. Toney*, 161 F.3d 404, 413 (6th Cir.1998); *United States v. Billingsley*, 160 F.3d 502, 505 (8th Cir.1998); *United States v. Shea*, 159 F.3d 37, 39 (1st Cir.1998); *United States v. Chin*, 83 F.3d 83, 88 (4th Cir.1996); *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir.1996).

**4.** We look to the advisory committee notes for guidance and insight. *See, e.g., United States v. Tabacca*, 924 F.2d 906, 914 (9th Cir.1991); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 n. 9 (9th Cir.1986), *overruled on other grounds by, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

There is no dispute that the government failed to either disclose that information prior to trial or obtain an excuse from the district court.

▆▆▆▆ Third, we must determine the consequence of the government's failure to fulfill its obligation under Rule 404(b). Pretrial notice, or an excuse from the district court for failing to give notice, is a condition to the admission of other acts evidence. Thus, the government was not entitled to introduce evidence of Vega's prior border crossings and bank deposits because it did not comply with the notice requirements of Rule 404(b). Therefore, the trial court abused its discretion in admitting evidence of Vega's prior border crossings and bank deposits.

▆▆▆▆ Moreover, based on the record before this court, we cannot say that the error was harmless. The government's failure to give Vega notice of the 404(b) evidence prejudiced Vega in that her trial strategy could not adequately address other acts evidence since she did not know it would be introduced. Vega was not able to investigate the other acts evidence that the government intended to use, nor could she prepare for cross examination of the rebuttal witnesses. Instead of giving Vega notice, as required by Rule 404(b), the government lay in wait and sprung the "other acts" evidence on her in its so-called rebuttal case. Thus, we believe a new trial is warranted.

## CONCLUSION

Evidence of Vega's prior border crossings and bank deposits constitutes "other acts" evidence under 404(b), Fed.R.Evid. The express language of 404(b) requires the prosecution, upon request, to provide the defendant with pretrial notice of other acts evidence it intends to introduce at trial. Vega made a proper request for all "other acts" evidence. Although the prosecution clearly intended to introduce this evidence at trial, it did not give notice of the evidence, nor did it seek to have the district court excuse its failure to give notice. Consequently, the prosecution is not entitled to introduce this "other acts" evidence at trial. The district court erred in allowing the prosecution to do so.

Vega's conviction is vacated. The case is remanded to the district court for a new trial.

VACATED AND REMANDED.