**UNITED STATES of America,
Plaintiff—Appellee**

v.

**Denny BENAVIDES, Defendant—
Appellant**

No. 00–50105.

D.C. No. CR–99–02756–WBE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided May 10, 2002.

Before BEEZER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

Denny Benavides appeals his conviction after jury trial of possession with intent to distribute, and importation, of marijuana in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). He argues that the district court erroneously admitted evidence of prior bad acts not relevant to the charged offenses, and that the court should have dismissed the indictment because the statutes under which he was prosecuted unconstitutionally treat drug type and quantity as sentencing factors rather than elements of the offense. Because the parties are familiar with the facts, we will not repeat them in further detail. We find that the evidence was indeed admitted in error, but that the error was harmless. We affirm Benavides' convictions.

The evidence in question is testimony at trial with regard to a report generated by the Treasury Enforcement Communication System. The evidence showed that Benavides' truck had crossed the border six times in the three weeks up to Benavides' arrest. The evidence is irrelevant under Federal Rule of Evidence 404(b), which provides in part that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Relying on *United States v. Sanchez–Robles,* 927 F.2d 1070 (9th Cir.1991), the government argues that 404(b) does not apply to the TECS report because the report is "inextricably intertwined" with evidence of the charged offenses. It is true that if the evidence were inextricably intertwined, Rule 404(b) would not apply. *Id.* at 1078. But the government fails to present a coherent theory of how the previous border crossings are connected to evidence of the charged conduct. The TECS evidence is indeed subject to Rule 404(b).

This court applies a four-part test to determine the admissibility of evidence pursuant to Rule 404(b): The evidence is admissible "if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Castillo,* 181 F.3d at 1129, 1134 (9th Cir.1999). In addition, the evidence is subject to Rule 403's requirement that to be admitted its probative value must not be "substantially outweighed by the danger of unfair prejudice." *See United States v. Castillo,* 181 F.3d at 1134.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The TECS report falters at step one. The prior border crossings show only that Benavides' truck, probably with him driving it, had previously been to Mexico. It does not tend to prove any point material to the charged offenses. The government argues that Benavides' prior trips to Mexico show that he had knowledge of the marijuana in his truck at the time he was arrested. But the previous border-crossings cannot be used to demonstrate knowledge since they fail step four of this court's 404(b) analysis: they were not "similar to the offense[s] charged" in that there is no indication of illegal activity on those occasions. We conclude that the district court erred by admitting evidence of Benavides' prior border crossings.

The error, however, was harmless because the properly admitted evidence against Benavides left no reasonable doubt as to his guilt. Benavides' only defense theory is that the 115 pounds of marijuana found in the fuel tanks of his trucks must have been planted by a stranger. Benavides supports this theory by claiming that someone tampered with the truck radio while it was parked in Tijuana. But Benavides offers no plausible explanation for why a stranger would place over $90,000 worth of drugs in Benavides' car, or how such a complicated operation could be performed while the truck was parked on a public street. Given that Benavides has no credible story about how and why the marijuana got into his truck, "it is more probable than not" that the erroneous admission of evidence "did not materially affect the verdict." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir.1999).

Benavides also challenges the constitutionality of the statutes under which he was prosecuted. Benavides argues that Congress intended 21 U.S.C. §§ 841(b) and 960(b)—which set penalties according to the amount of drugs possessed—to be sentencing factors, that these provisions violate the due process clause, and are not severable. Our court rejected this argument with regard to section 841 in *United States v. Buckland*, 277 F.3d 1173, 1187 (9th Cir.2002), and with regard to section 960 in *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir.2002). We must do so as well.

AFFIRMED.