**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon CASTRO–ZEPEDA,
Defendant—Appellant.**

No. 01–50606.

D.C. No. CR–01–02163–1–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 18, 2002.

Before CANBY, GOULD and
BERZON, Circuit Judges.

MEMORANDUM *

Ramon Castro–Zepeda ("Castro–Zepeda") appeals the district court's denial of a motion to dismiss his indictment based on double jeopardy and denial of a motion for an evidentiary hearing to determine the prosecutor's intent. We affirm.

The principles governing double jeopardy after a mistrial are set out in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). As a general rule, when a defendant requests a mistrial, there is no double jeopardy. *Id.* at 673, 102 S.Ct. 2083. However, there is an exception to the rule when the "prosecutor's

actions giving rise to the motion for mistrial were done 'in order to goad the [defendant] into requesting a mistrial.'" *Id.* (quoting *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976)). A mistrial does not bar retrial "unless the defendant can show that the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *United States v. McKoy*, 78 F.3d 446, 449 (9th Cir.1996). When we consider the prosecutor's intent, we focus on the strength with which the government fought the mistrial and the strength of the government's case at the time of the mistrial. *See id.* Here, the government strongly opposed the mistrial, argued vehemently that the court adopted the wrong legal standard when it granted the mistrial, and provided evidence that it had a strong case at the time of the mistrial. We conclude that the government did not goad Castro–Zepeda into calling for a mistrial and that Castro–Zepeda's double jeopardy claim fails.

We also affirm the district court's denial of an evidentiary hearing to determine the prosecutor's intent when Castro–Zepeda's mistrial motion was granted. The standard "examines the intent of the prosecutor," by inferring "the existence or nonexistence of intent from objective facts and circumstances . . . a familiar process in our criminal justice system." *Oregon v. Kennedy*, 456 U.S. at 675, 102 S.Ct. 2083. Given the prosecution's strong challenge to the mistrial and the strength of its case, it was beyond doubt that the prosecutor acted in good faith,[1] and did not improperly

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to accept the government's invitation that we reexamine and clarify the scope

of our decision in *United States v. Vega*, 188 F.3d 1150 (9th Cir.1999), which addresses Rule 404(b) of the Federal Rules of Evidence. The scope of Rule 404(b) is not squarely presented by this case. We comment only that we see no prosecutorial misconduct or inten-

654

"goad" the defendant into seeking mistrial. The district court did not abuse its discretion in denying the requested evidentiary hearing.

AFFIRMED.

tional impropriety in the failure to disclose impeachment evidence that was held by the district court to contravene Rule 404(b).

