ing. *See United States v. Basalo,* 258 F.3d 945, 949 (9th Cir.2001).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Donald Ray CARROLL, aka Willie Carroll, Defendant—Appellant.**

**No. 02–50238.**
**D.C. No. CR–00–00722–FMC–1.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided Aug. 6, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Donald Ray Carroll appeals his judgment of conviction and sentence on conspiracy charges, in violation of 18 U.S.C. § 371, as well as multiple counts of mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.

■ Reviewing the matter de novo, and viewing the evidence in the light most favorable to the prosecution, *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002), we reject Carroll's assertion that there was insufficient evidence to support his conviction on the fraud charges because his fraudulent statements to lenders were not material. A false statement is material "if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed, .... [or] if a reasonable man would attach importance to its existence or nonexistence in determining his course of action." *United States v. Johnson*, 297 F.3d 845, 866 nn. 20–21 (9th Cir.2002) (internal quotation marks omitted). Although actual reliance is not required, *cf. United States v. Wells*, 519 U.S. 482, 495, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), several lenders testified that such information was generally important in making a loan determination. It is irrelevant that some of the testifying lenders were so-called "secondary" lenders (i.e., purchased the loans from Carroll's direct lenders), and thus did not possess a civil remedy against him. *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir.1980). Because a rational trier of fact could have found that Carroll's false statements were capable of influencing decisionmaking by reasonable lenders, his conviction is supported by sufficient evidence.

## II.

■ Without deciding whether a Confrontation Clause error occurred, we find

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

any error harmless in light of the evidence as a whole. *United States v. Dees,* 34 F.3d 838, 844 (9th Cir.1994). Because Jenny Miedema's testimony was merely cumulative of the testimony of the secondary lenders and was corroborated on material points, *see id.* at 845, any error the district court made in restricting her cross-examination was harmless.

### III.

■ The district court did not abuse its discretion in admitting evidence of victim loss as "relevant to show that a scheme to defraud [an element of fraud] existed." *United States v. Rasheed,* 663 F.2d 843, 850 (9th Cir.1981); *accord Farrell v. United States,* 321 F.2d 409, 419 (9th Cir.1963)). Carroll's trial admission that he made the fraudulent statements did not obviate the evidence's relevance for proving his intent to deceive. *See Farrell,* 321 F.2d at 419.

Carroll's reliance on *United States v. Farrington,* 389 F.2d 357 (6th Cir.1968), is misplaced. There, without expressly ruling on the admissibility of the evidence of victim loss for this purpose, the Sixth Circuit held that extensive evidence of loss coupled with jury instructions repeatedly referring to the loss was unduly prejudicial and confusing, *id.* at 359–60. In contrast, our Circuit permits such evidence and the district court did not give any misleading instructions which could create any undue prejudice.

■ Moreover, any error in admitting evidence of loss occurring after the date the conspiracy ended is harmless because it more probably than not did not affect the verdict. *United States v. Vega,* 188 F.3d 1150, 1154 (9th Cir.1999); *Farrell,* 321 F.2d at 419 (If "in [a] long and complicated trial some evidence may have gotten into the record" concerning loss that occurred after the defendant was no longer in control of the assets in question, there

was not "prejudicial error sufficient to warrant a reversal.").

### IV.

■ Although the indictment is concededly "muddy," it can be fairly read as charging one conspiracy with four objects: the violation of each of the four substantive fraud offenses charged. *Cf. United States v. Bauer,* 84 F.3d 1549, 1560–61 (9th Cir. 1996). Carroll's preferred reading—that the conspiracy had only two objects, the first of which was to violate *all four* substantive fraud statutes together, and the second was to engage generally in a "scheme" to commit real estate fraud—is nonsensical. Thus, the jury instructions informing the jurors that they needed to find only "a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy" was not an abuse of discretion. *United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir.2002). Neither *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), nor *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), affects this analysis. Under the former, multiple separate conspiracies may not be charged as a single conspiracy, *see Kotteakos,* 328 U.S. at 767–68, 66 S.Ct. 1239, and under the latter, a single conspiracy with multiple objectives may not be charged as multiple conspiracies, *see Braverman,* 317 U.S. at 52–54, 63 S.Ct. 99. Neither factual scenario is apposite as it is undisputed that a single conspiracy was properly charged.

■ Nor did the district court abuse its discretion in formulating the jury instructions regarding the level of knowledge and participation required to convict for conspiracy. Contrary to Carroll's assertion, there is no tension between an instruction stating that a conspirator need not have full knowledge of the details of

the conspiracy, and another instruction stating that he must nevertheless know of its fraudulent nature. *See United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1095 (9th Cir.2001); *United States v. Ciccone*, 219 F.3d 1078, 1084 (9th Cir.2000). Furthermore, the jury was properly instructed that a person does not become a conspirator by simply associating with conspirators or knowing that a conspiracy exists, but rather must agree to participate in the conspiracy. *See United States v. Estrada–Macias*, 218 F.3d 1064, 1066 (9th Cir.2000). Once such an agreement is shown, even a "slight connection" between the person and the conspiracy is sufficient for conviction. *See United States v. Restrepo*, 930 F.2d 705, 709 (9th Cir.1991).

## V.

■ The district court did not err in determining the extent of Carroll's participation in the conspiracy for the purposes of ascertaining his "relevant conduct" under U.S.S.G. § 1B1.3(a)(1)(B). *United States v. Vaandering*, 50 F.3d 696, 704 (9th Cir.1995). Nor did it abuse its discretion in calculating the amount of restitution. *United States v. Pizzichiello*, 272 F.3d 1232, 1240 (9th Cir.2001). Carroll correctly notes that a district court is entitled to adopt the factual findings in the PSR but not any "conclusory statements unsupported by facts or the Guidelines." *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir.1992). However, the Probation Officer painstakingly documented Carroll's specific role in each of dozens of fraudulent loan applications in which he participated and the benefits he received as a result. *Cf. United States v. Conkins*, 9 F.3d 1377, 1387 (9th Cir.1993) (impermissibly conclusory statements); *United States v. Becerra*, 992 F.2d 960, 967 (9th Cir.1993) (same). Because Carroll never made any specific objections to the PSR's factual findings,

the district court did not clearly err in adopting them *in toto*.

■ Carroll's assertion that it was impermissible for the district court to consider transactions in which unindicted persons participated as "relevant conduct" is also meritless. A defendant can be sentenced on the basis of unindicted conduct that bears "similarity, regularity, and temporal proximity to the charged offenses." *United States v. King*, 200 F.3d 1207, 1216 (9th Cir.1999).

We do not address the remaining errors Carroll asserts regarding the district court's determination of the precise amount of loss for "relevant conduct" (but not restitution calculation) purposes because, in any event, they would be harmless. *United States v. Matsumaru*, 244 F.3d 1092, 1106 (9th Cir.2001). The district court sentenced Carroll using a Guidelines loss figure of $2,435,372, placing him under U.S.S.G. § 2F1.1(b)(1)(M) (1998) (loss between $1.5 and $2.5 million receives 12–point increase). Carroll alleges that the district court made three errors (one of which the government concedes) in deriving this figure which, even if all were true, would reduce his Guidelines loss to $1,994,614, still well within the $1.5 to $2.5 million range for the sentence imposed.

AFFIRMED.