**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramon GAMINO, Defendant—Appellant.**

No. 05–50020.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2006.

Filed March 10, 2006.

**115**

---

Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, Jessica M. Kass, United States Department of Justice, Southern District of California, San Diego, CA, Martha M. Pacold, Esq., U.S. Dept of Justice, Washington, DC, for Plaintiff—Appellee.

Zandra L. Lopez, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, GOODWIN and FISHER, Circuit Judges.

MEMORANDUM *

Ramon Gamino appeals his convictions after a jury trial for importation of marijuana in violation of 21 U.S.C. §§ 952, 960 and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). His principal contention on appeal is that the district court erred in admitting testimony about Treasury Enforcement Communication Systems ("TECS") records that showed his truck had crossed the border on six prior occasions. We hold the district court did not err in admitting the testimony.

Gamino contends the district court abused its discretion in admitting the evidence because the Government had not provided sufficient notice pursuant to FED. R. EVID 404(b). *See United States v. Vega,* 188 F.3d 1150, 1154 (9th Cir.1999). At the September 2 motion in limine hearing, Gamino moved to exclude the TECS records due to lack of notice. The district court ruled that Gamino could renew the motion later if the records were not received. On September 10, the Friday before trial began, Gamino received the TECS records. On Monday, September 13, just before trial began, Gamino again moved to exclude the TECS records. The district court ruled that due to lack of notice, TECS records would be excluded from the Government's case in chief, but it left open the possibility of admitting the records later. The following day, the district court admitted a portion of the TECS records to impeach Gamino in the Government's rebuttal case. Thus, Gamino knew at least eleven days before trial that the Government might use TECS records; the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

records were provided the Friday before trial; and the district court barred them from the Government's case in chief. On these facts, we cannot say the district court abused its discretion in finding that Gamino had sufficient notice to allow the records to be used in the Government's rebuttal case. *See United States v. Erickson,* 75 F.3d 470, 478 (9th Cir.1996).

■ Gamino contends the proper foundation to impeach Gamino with TECS records was lacking because Gamino did not open the door to the impeachment on direct-examination. *See United States v. Castillo,* 181 F.3d 1129, 1133 (9th Cir.1999) ("[E]xtrinsic evidence may not be admitted to impeach testimony invited by questions posed during cross-examination."). Here, however, Gamino volunteered on direct that he had been using his truck in the United States approximately two-and-a-half weeks before his arrest. This testimony was inconsistent with the TECS records. Therefore, there was a proper foundation to admit the TECS records, and the district court did not abuse its discretion in admitting it.

■ Gamino contends the TECS records were inadmissable hearsay. Because the district court issued a limiting instruction prohibiting the jury from considering them for their truth, we reject his argument. *See Hiram v. United States,* 354 F.2d 4, 7 (9th Cir.1965).

■ Gamino also contends the district court erred at sentencing in denying him a safety valve adjustment pursuant to U.S.S.G. § 5C1.2(a). Gamino never admitted knowing there was marijuana in his truck, and therefore the district court properly concluded Gamino failed to demonstrate eligibility for a safety valve adjustment. He did not provide "all information and evidence" he had concerning the offense. U.S.S.G. § 5C1.2(a).

Gamino's counsel has informed us Gamino no longer seeks a remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1086 (9th Cir.2005).

AFFIRMED.

FISHER, Circuit Judge, concurring.

I concur in the court's disposition. I write separately to note only that Gamino's decision at sentencing to maintain his innocence—and therefore deny knowledge of the drugs—did not in and of itself preclude the district court from applying the two-level reduction under USSG § 5C1.2(a). *See United States v. Sherpa,* 110 F.3d 656, 660–61 (9th Cir.1996). I agree that given the evidence of Gamino's guilt, the district court did not err in finding him ineligible for a safety valve adjustment. *See id.*