**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50014 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00468-JAH-1 |
| v. | |
| RAUL JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 6, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Appellant, Raul Jimenez, appeals his conviction for importation of

marijuana in violation of 21 U.S.C. §§ 952 and 960. He also appeals the sentence

imposed by the district court, which did not grant him a minor role reduction under

U.S.S.G. § 3B1.2. We affirm both the conviction and the sentence.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The parties are familiar with the facts. Appellant was convicted in federal court of smuggling marijuana across the border from Mexico in a spare tire under his rental car. His sentence did not include any adjustment for minor role status. The Government introduced evidence of other recent border crossings, called "T.E.C.S." evidence.

Appellant argued that the T.E.C.S. evidence constituted evidence of "other acts" under Federal Rule of Evidence 404(b). Appellant argued that it was inadmissible because the prosecution could not establish a relevant permissible use of the evidence, but rather it only served to prove propensity, and impermissible use under Rule 404(b). He also argued that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice, and that its admission would waste time and cause confusion under Rule 403. With regard to sentencing, Appellant argued that the district court improperly denied him an adjustment for minor role status.

A district court's construction of a Federal Rule of Evidence is a question of law subject to *de novo* review. *United States v. Sanchez-Robles*, 927 F.2d 1070, 1077 (9th Cir. 1991). This court reviews questions of the admissibility of evidence involving factual determinations for an abuse of discretion. *Id.* at 1077-78. This court reviews a district court's determination that the defendant was not a

minor participant in the offense for clear error. *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1091 (9th Cir. 2000).

We affirm the conviction. Although the T.E.C.S. evidence qualified as 404(b) evidence, *see United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999), the district court judge did not abuse his discretion in admitting it to establish dominion and control over the vehicle. The defense's theory of the case relied on the idea that someone else had access to and knowledge of the rental car for a significant length of time prior to the arrest. Appellant's offer to stipulate to his dominion over the car on those dates did not eliminate the Government's right to choose what evidence to produce at trial. *See United States v. Allen*, 341 F.3d 870, 888 (9th Cir. 2003). The T.E.C.S. evidence also had relevance under Rule 401 because it was relevant to establish Appellant's dominion and control of the vehicle. We also find it was not unduly prejudicial under 403.

We affirm the sentence. The district court did not err in rejecting defendant's request for a downward adjustment for a minor role. The district court explicitly stated that it was mindful of the nature and extent of Appellant's involvement in the crime and reasoned that the defendant had provided nothing to show that he was a minor participant.

Conclusion.  The district court did not abuse its discretion in admitting the T.E.C.S. evidence to establish dominion and control over the vehicle, nor did the district court err in denying defendant's request for a downward adjustment.

AFFIRMED.