**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50271 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03616-L-1 |
| v. | |
| SELENE LUGO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Selene Lugo appeals her conviction for importing methamphetamine in

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. §

1291.  Reviewing for plain error, *United States v. Sanchez*, 659 F.3d 1252, 1256

(9th Cir. 2011), we reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lugo argues that the prosecutor made a number of improper arguments during closing and rebuttal arguments. We agree. First, the prosecutor not only argued facts that were not in evidence, he used the Treasury Enforcement Communications System ("TECS") records of Lugo's prior border crossings as propensity evidence after assuring the district court in pretrial proceedings that the evidence was offered to prove dominion and control by the defendant over the car. Despite the fact that there was no evidence that Lugo ever smuggled drugs on any prior occasion, the prosecutor repeatedly and extensively argued that the vehicle's prior crossings show that Lugo had smuggled drugs before. For example, the prosecutor argued that "run[ning] drugs across the border" was "her thing," and "she was down for it" whenever the drug traffickers "needed somebody to bring a load across," that she was not nervous because she had gotten away with smuggling drugs before, and that she was finally caught because "her luck ran out." In essence, the thrust of the prosecutor's use of the TECS records was that Lugo had smuggled drugs before on numerous occasions, and that she acted in accordance with that propensity on this particular occasion. *See* Fed. R. Evid. 404(b); *cf. United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) (holding that prior border crossings can constitute 404(b) evidence).

2

Second, the prosecutor compounded his improper arguments concerning the TECS records with a number of other troubling comments. For example, when arguing that the jury should reject Lugo's defense theory—*i.e.*, that she was an unwitting drug courier—the prosecutor stated, "Or is what is more reasonable is that this was a load vehicle, and the compartment was there, and she was lucky on those other occasions when she drove the car into the United States because they too were loaded with drugs? Which is more reasonable for you to believe?" These statements likely caused jury confusion and diluted the government's burden of proof. *Cf. Estelle v. McGuire*, 502 U.S. 62, 69 (1991) ("[T]he prosecution must prove all the elements of a criminal offense beyond a reasonable doubt."); *United States v. Velasquez*, 980 F.2d 1275, 1278-79 & n.1 (9th Cir. 1992) (upholding a district court's instruction that "[p]roof beyond a reasonable doubt is proof that leave[s] you firmly convinced that the defendant is guilty"). Finally, the prosecutor twice asserted that the government's evidence was "overwhelming," despite the fact that the evidence was, as the district court observed, "thin."

Even on plain error review, we conclude that the government's improper arguments prejudiced Lugo's trial and seriously affected the fairness, integrity, or public reputation of the proceedings. *See Sanchez*, 659 F.3d at 1256. The government had a "thin" circumstantial evidence case. At the time of her arrest,

3

Lugo was twenty-two years old and living at home with her parents. She had no prior convictions or arrests. She made no incriminating statements to law enforcement about her knowledge, and a defense expert testified that the altered compartment felt and appeared similar to an identical, non-altered vehicle of the same make and model. Lugo testified, and the government argues that the jury simply disbelieved her testimony. But the government fails to acknowledge that it unfairly put its thumb on the scale by insinuating that Lugo was a repeat offender. A repeat offender is less likely to be believed, and that's precisely why propensity evidence—that she did it before and now she's doing it again—is prohibited. The court failed to issue curative instructions, and the bulk of the prosecutor's propensity arguments occurred during rebuttal closing, further "ensuring that it was the last argument the jury heard before going to the jury room to deliberate." *Id.* at 1261. Viewed in context and in its entirety, the government's prosecutorial misconduct warrants a reversal.

We are disturbed that, even on appeal, the government fails to recognize and concede error. Instead, the government insists that the TECS records alone support an inference that the prior crossings were drug smuggling runs. Not so. The argument was sheer speculation, and we find the error particularly serious when the prosecutor who tried this case—and presumably his office—were aware that

4

there is an alternative explanation for repeated border crossings, such as the practice of "burning the plates" to reduce suspicion. *See, e.g.*, *United States v. Fitzgerald*, No. 13-CR-1937-JLS, ECF No. 31, pp. 11-14 (S.D. Cal. Dec. 9, 2013). The government's failure to recognize error is even more troubling because the government recently reassured this court that it would conduct training on the appropriate boundaries of closing argument. *See United States v. Maloney*, 755 F.3d 1044, 1046 (9th Cir. 2014) (en banc) (noting that the Southern District of California assured us that its training would "reinforce the principle that all Assistant U.S. Attorneys must be aware of the rules pertaining to closing argument and must make every effort to stay well within these rules").

**REVERSED AND REMANDED.**