**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50239 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-3459-BTM-1 |
| v. | |
| RAUL MENDEZ-BELLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

Before: BYBEE and SCHROEDER, Circuit Judges and SMITH,[**] Chief District
Judge.

   1. Raul Mendez-Bello (Petitioner) claims that the admission at trial of his
attorney's previous statements violated the notice requirements of Rule 404(b) of
the Federal Rules of Evidence and Rule 16(a)(1)(B)(I) of the Federal Rules of

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

Criminal Procedure, and infringed on his Sixth Amendment rights to conflict-free counsel and confront witnesses. Because admission of the attorney statement did not affect the verdict, we AFFIRM.

At trial there was no dispute that Petitioner was not a citizen of the United States and had entered the country without authorization. The only contested issue was whether Petitioner entered the country with the intent to be free from official restraint. The evidence showed that Petitioner was caught crossing the border in an area where "you can hide really eas[il]y" because it is "desolate," filled with boulders, tumbleweeds, and brush. Petitioner was seen running across a road into "really heavy brush" where Petitioner then "stopped and ducked down." Since this crossing was done during the night, Border Patrol agents had to search for several minutes with flashlights to find Petitioner. One of the agents eventually found Petitioner laying on the ground and concealing himself in tumbleweeds. All of this evidence suggests that Petitioner was not trying to get caught, but instead trying to successfully enter the country undetected.

Petitioner testified and maintained that he was entering the United States with the intention of being caught in order to gain food and shelter. As evidence of this intent, Petitioner briefly noted that he had not been in contact with his family in the United States for over a decade. The prosecution cross-examined Petitioner using his attorney's previous sentencing statement which called Petitioner's lack of

familial contact into question. However, this short line of questioning was by no means the centerpiece of the prosecution's case; indeed, it was little more than a footnote. All of the prosecution's case-in-chief, and nearly all of the cross-examination of Petitioner, focused on the circumstances under which Petitioner crossed the border and his apprehension.

Similarly, during closing argument, the prosecution never mentioned Petitioner's relationship with his family or the attorney statement, and defense counsel only mentioned Petitioner's familial relationship very briefly. Instead, both parties focused on the facts surrounding Petitioner's unlawful entry (*i.e.*, whether he ran, was hiding, etc.), which overwhelmingly suggested that Petitioner entered the United States and attempted to evade capture. The only evidence to the contrary was Petitioner's own testimony, which the jury could understandably have discounted as self-serving. Any error, therefore, was harmless. *See United States v. Vega*, 188 F.3d 1150, 1153-54 (9th Cir. 1999) (noting that an error is harmless if "it is more probable than not that the error did not materially affect the verdict"). Accordingly, the conviction is AFFIRMED.

2. Petitioner argues that the district court ignored *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and sentenced him beyond the statutory maximum period of confinement. We review Petitioner's claim *de novo* and AFFIRM.

In an illegal reentry case where the prior "removal was subsequent to a conviction for commission of an aggravated felony," the maximum period of confinement is twenty years. 8 U.S.C. § 1326(b)(2). The district court recognized Petitioner's prior conviction and adjudged a forty-six month period of confinement. Petitioner argues that the court should not have considered Petitioner's prior conviction at sentencing because it was not alleged in the indictment nor proven at trial beyond a reasonable doubt.

The Supreme Court has held that a prior conviction under § 1326(b) is a "sentencing factor" and therefore need not be proven at trial. *Almendarez-Torres v. United States*, 523 U.S. 224, 241 (1998).  Petitioner's argument that the *Alleyne* case effectively overruled *Almendarez-Torres* is contradicted by the *Alleyne* opinion itself. *See Alleyne*, 133 S. Ct. at 2160 n.1 ("In *Almendarez–Torres* we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.") (citation omitted).  As this court has made clear, "*Almendarez–Torres* is binding unless it is expressly overruled by the Supreme Court." *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curium). We AFFIRM.