
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50239 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-3459-BTM-1 |
| v. | |
| RAUL MENDEZ-BELLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

Before: BYBEE and SCHROEDER, Circuit Judges and SMITH,[**] Chief District
Judge.

Raul Mendez-Bello (Defendant) claims that the admission at trial of his

attorney's previous statement violated the notice requirements of Rule 404(b) of

the Federal Rules of Evidence and Rule 16(a)(1)(B)(i) of the Federal Rules of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

Criminal Procedure.  Defendant also claims that its introduction infringed on his Sixth Amendment rights to conflict-free counsel and confront witnesses.  He further contends that he was sentenced in violation of the statutory maximum.  We affirm.

At trial there was no dispute that Defendant was not a citizen of the United States or that he entered the country without authorization.  The only contested issue was whether Defendant entered the country with the intent to be free from official restraint, as required by *United States v. Lombrera-Valdovinos*, 429 F.3d 927 (9th Cir. 2005).

1.  Defendant testified and maintained that he was entering the United States with the intention of being caught in order to gain food and shelter.  As evidence of this intent, Defendant briefly noted that he had not been in contact with his family in the United States for over a decade.  The prosecution cross-examined Defendant using his attorney's 2013 sentencing statement which claimed that, on that occasion, Defendant entered the United States in an attempt to see his common-law wife and children.  However, this short line of questioning was by no means the centerpiece of the prosecution's case; indeed, it was little more than a footnote.  All of the prosecution's case-in-chief, and nearly all of the cross-examination of Defendant, focused on the circumstances under which Defendant crossed the

border and his apprehension.  Taking into account the facts as presented to the jury, we hold that any evidentiary errors were harmless.  *See United States v. Vega*, 188 F.3d 1150, 1153–54 (9th Cir. 1999) (noting that an error is harmless if "it is more probable than not that the error did not materially affect the verdict").

2.  Defendant claims that his Sixth Amendment right to conflict-free counsel was violated because his trial attorney was also his attorney for the previous sentencing hearing.  Thus, Defendant argues, his attorney was placed in the untenable position of, among other things, deciding whether to attack his own statement and risk his professional reputation, which would be in the Defendant's best interest.

But to succeed on his conflict-of-counsel theory, Defendant had to "prove actual conflict, not just a possibility of conflict, 'through a factual showing on the record.'"  *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998) (citation omitted); *see also United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) ("Under this standard, an '"actual conflict"' is 'a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties.'" (citation omitted)).  The record goes no further than establishing a possibility of conflict of interest because their interests need not have diverged unless the attorney's statement was false, and Defendant has not contended that it was.  Defendant's

3

claim fails. *See Moore*, 159 F.3d at 1157 (noting that if there is only a possibility of conflict, the defendant is required to meet the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)).

3. Defendant additionally claims that the introduction of the statement violated his Sixth Amendment rights under the Confrontation Clause. Defendant forfeited this argument because he did not raise it below, but we exercise our discretion to review for plain error anyway. The requirements of plain error review are not met because any error was not "clear or obvious, rather than subject to reasonable dispute." *United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012).

4. Defendant argues that the district court ignored *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and sentenced him beyond the statutory maximum period of confinement. We review Defendant's claim *de novo*.

In an illegal reentry case where the prior "removal was subsequent to a conviction for commission of an aggravated felony," the maximum period of confinement is twenty years. 8 U.S.C. § 1326(b)(2). The district court recognized Defendant's prior conviction and adjudged a forty-six month period of confinement. Defendant argues that the court should not have considered Defendant's prior conviction at sentencing because it was not alleged in the indictment nor proven at trial beyond a reasonable doubt.

4

The Supreme Court has held that a prior conviction under § 1326(b) is a "sentencing factor" and therefore need not be proven at trial. *Almendarez-Torres v. United States*, 523 U.S. 224, 241 (1998). Defendant's argument that the *Alleyne* case effectively overruled *Almendarez-Torres* is contradicted by the *Alleyne* opinion itself. *See Alleyne*, 133 S. Ct. at 2160 n.1 ("In *Almendarez–Torres* we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." (citation omitted)). As we have made clear, "*Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court." *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam).

**AFFIRMED.**