**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROBERTO BUSTOS-OCHOA,
*Defendant-Appellant*.

No. 11-50471

D.C. No.
3:10-cr-04188-
DMS-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 9, 2012[*]
Pasadena, California

Filed December 18, 2012

Before: Dorothy W. Nelson and Diarmuid F. O'Scannlain,
Circuit Judges, and James K. Singleton,
Senior District Judge.[**]

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

## SUMMARY[***]

### Criminal Law

Affirming a conviction for illegal reentry after deportation, the panel held that an alien may not collaterally attack his removal order by claiming that an immigration judge failed to advise him about relief for which he was statutorily ineligible, even if the government did not introduce before the IJ noticeable documentation of the aggravated felony conviction that renders him ineligible.

## COUNSEL

Zandra L. Lopez, Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney; Mark R. Rehe, Bruce R. Castetter and Grace E. Oh, Office of the United States Attorney, San Diego, California, for Plaintiff-Appellee.

## OPINION

PER CURIAM:

We must decide whether an alien charged with illegal reentry after deportation may collaterally attack his removal

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

order by claiming that an immigration judge failed to advise him about relief for which he was statutorily ineligible.

# I

Bustos-Ochoa, a native and citizen of Mexico, first entered the United States in 2002 without being admitted or inspected. Less than a year later, he was served with a Notice to Appear alleging that he was removable as "an alien present in the United States who has not been admitted or paroled."

Prior to his removal hearing, Bustos-Ochoa had been convicted of three crimes—one of which was a felony charge for "possession for purpose of sale a controlled substance, to wit: methamphetamine" in violation of California Health & Safety Code § 11378. Bustos-Ochoa stated that he "did unlawfully have in [his] possession for purpose of sale, methamphetamine" in his signed guilty plea.

Bustos-Ochoa appeared before the immigration judge (IJ) in removal proceedings. While questioning Bustos-Ochoa under oath, the IJ asked whether he had ever been convicted of any crimes in the United States. Initially, Bustos-Ochoa denied having any convictions, but he later admitted to entering a guilty plea for "possession of methamphetamine" after the government informed the IJ that Bustos-Ochoa had been arrested for that charge. The IJ then told Bustos-Ochoa, "You have been convicted for a drug crime. I cannot give you voluntary departure." The IJ entered an order of removal, and Bustos-Ochoa was deported to Mexico in 2003. The government had never introduced into evidence Bustos-Ochoa's charging document or his signed guilty plea.

In 2010, Bustos-Ochoa attempted to reenter the United States using a false identification. He was charged in a two-count indictment with illegal reentry after deportation in violation of 8 U.S.C. § 1326 and knowingly using or attempting to use a document bearing the name of another individual to gain admission to the United States in violation of 18 U.S.C. § 1546(a).

Bustos-Ochoa moved to dismiss the illegal reentry charge, claiming that his 2003 removal was fundamentally unfair because the IJ failed to advise him about the availability of voluntary departure. The district court denied the motion and determined that it could consider documents that the government submitted, even though they had not been presented to the IJ in 2003. These documents conclusively established that Bustos-Ochoa was an aggravated felon at the time of his 2003 removal under the modified categorical approach. Because he was thus ineligible for voluntary departure at the time of his removal, the district court concluded that he was unable to make a showing of prejudice.

Following a stipulated-facts bench trial, Bustos-Ochoa was convicted on both counts in the indictment. The district court sentenced him to 48 months in prison and three years of supervised release. He filed this timely appeal challenging both the district court's ruling on his motion to dismiss and his sentence.

## II

Aliens charged with illegal reentry under 8 U.S.C. § 1326 have a limited right to challenge collaterally the validity of the removal order underlying their illegal reentry offense. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042–43 (9th

Cir. 2012); *see also* 8 U.S.C. § 1326(d). To succeed in this challenge, the alien must establish that (1) he exhausted any available administrative remedies, (2) the deportation proceedings at which the order was issued improperly denied him the opportunity for judicial review, and (3) the entry of the order was "fundamentally unfair." *Reyes-Bonilla*, 671 F.3d at 1042–43 (quoting 8 U.S.C. § 1326(d)). Entry of an order is "fundamentally unfair" if "the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *Id.* at 1043 (quoting *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010)).

To prove prejudice, Bustos-Ochoa "must demonstrate that he had plausible grounds for relief from deportation." *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999). Thus, he must show that any error "prejudiced [him] in a manner so as potentially to affect the outcome of the proceedings; a mere showing that [he] would have availed himself of the procedural protections denied him is not enough." *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986). An alien who is barred from receiving relief cannot meet this plausibility standard. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056 (9th Cir. 2003).

Bustos-Ochoa concedes that—if the evidence presented to the district court is considered—his 2003 conviction under California Health & Safety Code § 11378 qualifies as an aggravated felony under the modified categorical approach. Such conviction thus rendered him statutorily ineligible for voluntary departure at the time of his removal. *See* 8 U.S.C. § 1229c(a)(1) (noting that aliens deportable under 8 U.S.C. § 1227(1)(2)(A)(iii)—the aggravated felony statute—are not eligible for voluntary departure). Nonetheless, Bustos-Ochoa

argues that he plausibly could have obtained voluntary departure because the government did not proffer noticeable documents establishing his aggravated felony conviction before the IJ, and on that inconclusive record, he would have been eligible for relief.

Bustos-Ochoa's argument is without merit. First, his position, if accepted, would shift impermissibly the burden of proof in immigration hearings. *See* 8 C.F.R. § 1240.8(d) (placing the burden of proof to establish eligibility for discretionary relief on the alien). It would require that the government affirmatively *disprove* an alien's eligibility for discretionary relief—even before the alien applied for that relief—or risk successful collateral attack on the removal order in subsequent proceedings.

Moreover, Bustos-Ochoa's assertion that he *could have* obtained relief *if* he had pursued an application because the government *might have* failed to present conclusive evidence of his conviction piles speculation atop speculation and falls far short of showing that relief was "plausible." *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plausibility requires that the "right to relief [rise] above the speculative level").

In short, an alien who is statutorily barred from obtaining relief from removal cannot be prejudiced by an IJ's failure to inform him about the possibility of applying for such relief. This remains true even if the government does not introduce noticeable documentation of the alien's aggravated felony conviction before the IJ.

**III**

Because Bustos-Ochoa was an aggravated felon and was therefore ineligible for voluntary departure, he could not be prejudiced by the IJ's failure to advise him about that form of relief.  Thus, he failed to show that the removal order underlying his illegal reentry conviction was fundamentally unfair, and his motion to dismiss under 8 U.S.C. § 1326(d) was properly denied.

**IV**

Bustos-Ochoa also appeals his 48-month sentence for conviction under 8 U.S.C. § 1326.  Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he argues on appeal that the statutory maximum sentence for his illegal reentry offense is two years under 8 U.S.C. § 1326(a) and that the statutory maximum of 20 years set forth in 8 U.S.C. § 1326(b)(2) should not apply because the government did not allege and prove a prior aggravated felony conviction at his trial.  As he recognizes, the Supreme Court has expressly addressed and rejected this argument.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998).  Additionally, as Bustos-Ochoa admits, this court has expressly rejected his further argument that subsequent Supreme Court precedent overruled *Almendarez-Torres*.  *See, e.g.*, *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam) ("We have repeatedly held, however, that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").  Accordingly, his sentence is valid.

**AFFIRMED.**