

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-50111 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:11-cr-00462-BEN-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| AMALIA MONDRAGON-CARRILLO, | ) | |
| | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 9, 2013[**]
Pasadena, California

Before:    FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Amalia Mondragon-Carrillo appeals the district court's denial of her motion

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

to dismiss[1] her indictment for illegal reentry,[2] and her sentence for that crime.[3]  We affirm.

(1)    Mondragon first argues that her expedited removal on February 2, 2002, was fundamentally unfair due to procedural error, which denied her due process and prejudiced her.  See United States v. Barajas-Alvarado, 655 F.3d 1077, 1087–91 (9th Cir. 2011); see also United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010).  Thus, she argues, that removal could not serve as the predicate for the charged reentry offense.  See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047–48 (9th Cir. 2004).  We disagree.  Mondragon asserts that the immigration officer failed to interview her in the Spanish language and complete the necessary form, as he was required to do.  See 8 C.F.R. § 1235.3(b)(2)(i).  However, the record is silent on those subjects.  She did not carry her burden of persuasion in those respects and has not shown prejudice.[4]  See United States v. Bustos-Ochoa, 704 F.3d 1053, 1056–57 (9th Cir. 2012); Barajas-Alvarado, 655 F.3d at 1088 n.12.

---

[1]See Fed. R. Crim. P. 12(b)(3).

[2]8 U.S.C. § 1326(a).

[3]See USSG §2L1.2(b)(1)(A).  All references to the sentencing guidelines are to the November 1, 2010, version, unless otherwise stated.

[4]We note that the Spanish language claim was not raised in the district court, and she has not shown plain error.  See United States v. Olano, 507 U.S. 725, 731–37, 113 S. Ct. 1770, 1776–79, 123 L. Ed. 2d 508 (1993).

Mondragon also asserts that the immigration officer did not advise her of the possibility that she could be given permission to ask for withdrawal of her application for admission. See 8 U.S.C. § 1225(a)(4); 8 C.F.R. § 1235.4. Assuming that he was obliged to do so, an issue we do not decide, based on the record of her background at the time and her attempt to enter the United States while smuggling cocaine, it is not plausible that the immigration officer would have exercised discretion to permit withdrawal. See Barajas-Alvarado, 655 F.3d at 1089–91.

(2)     Mondragon then claims that the district court erred in calculating her guideline range when it added sixteen points to her offense level on the basis that she had committed a prior drug trafficking offense. See USSG §2L1.2(b)(1)(A), comment. (n.1(B)(iv)). We disagree. Mondragon was charged under California law[5] with the sale and offer to sell cocaine, pled nolo contendere to that offense, and was ultimately sentenced to three years in state prison. The parties agree that the modified categorical approach applies here. See Young v. Holder, 697 F.3d 976, 983 (9th Cir. 2012) (en banc). When that is applied, we review certain

---

[5]See Cal. Health & Safety Code § 11352(a).

3

materials, which include the complaint,[6] the minute order,[7] and the abstract of judgment.[8]  Taken together those documents showed that Mondragon was convicted of selling or offering to sell cocaine.[9]  We have not overlooked the fact the abstract of judgment was prepared some four years after her initial plea and conviction.  However, it was part of the same criminal case, and was made upon revocation of her probation and commitment to state prison.  There is every reason to presume that a document of that importance was diligently and faithfully prepared and was accurate.  See Chuen Piu Kwong, 671 F.3d at 880; Snellenberger, 548 F.3d at 701–02.  Moreover, if it was inaccurate, she had every reason to challenge it at the time,[10] and even now does not point to any error

---

[6]See Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263, 161 L. Ed. 2d 205 (2005).

[7]See United States v. Snellenberger, 548 F.3d 699, 701–02 (9th Cir. 2008) (en banc), overruled on other grounds by Young v. Holder, 697 F.3d 976 (9th Cir. 2012) (en banc).

[8]Chuen Piu Kwong v. Holder, 671 F.3d 872, 879–80 (9th Cir. 2011); Ramirez-Villalpando v. Holder, 645 F.3d 1035, 1040–41 (9th Cir. 2011); United States v. Valle-Montalbo, 474 F.3d 1197, 1201–02 (9th Cir. 2007); United States v. Velasco-Medina, 305 F.3d 839, 851–53 (9th Cir. 2002).

[9]That plainly comes within the provisions of USSG §2L1.2(b)(1)(A) as a drug trafficking offense.  See id. at comment. (n.1(B)(iv)).

[10]See Snellenberger, 548 F.3d at 702.

therein.[11]  The proof of her prior crime was clear and unequivocal.  <u>See</u> <u>United States v. Navidad-Marcos</u>, 367 F.3d 903, 908 (9th Cir. 2004).

AFFIRMED.

---

[11]<u>See</u> <u>Chuen Piu Kwong</u>, 671 F.3d at 880.

5