**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50365 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02974-JLS-1 |
| v. | |
| MARIO MERCADO-VEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted July 8, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Mario Mercado-Vega appeals from the district court's order denying his

motion to dismiss the indictment charging him with being an alien who was

removed from and subsequently found in the United States in violation of 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1326. Mercado pleaded guilty as part of a conditional agreement that preserved his ability to appeal the district court's denial of his motion. He contends that the indictment should have been dismissed because the 1996 removal order that formed the predicate for his § 1326 conviction was invalid.

Mercado first argues that he "does not recall" being present at the 1996 hearing at all. The district court made a factual finding that Mercado was present, based on fingerprint evidence and the fact that Mercado was in custody at the time. Mercado challenges that conclusion on the grounds that he does not remember attending the hearing and that he would not have spoken English as well as the person on the audio recording. Having failed to support the latter assertion with an affidavit and to explain how the fingerprint evidence was in any way unreliable, Mercado cannot establish clear error in the district court's finding. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir.), *cert. denied*, 133 S. Ct. 322 (2012).

Mercado next argues that he never validly waived his right to counsel at that hearing because the immigration judge advised him of that right only while addressing Mercado and fellow deportees as part of a group. Even assuming that Mercado's waiver was not valid, however, we conclude that he has failed to show prejudice because he has identified no "plausible grounds" on which he could have

2

been granted relief from removal. *Id.* at 1049. At the 1996 hearing, Mercado was deemed removable because he conceded that he had been convicted of a drug trafficking crime. Mercado now contends that, if he had had the assistance of an attorney, he would not have made the same admission and would potentially have been able to obtain voluntary departure. Mercado does not, however, dispute that he was in fact convicted of a crime that qualified as an aggravated felony, which would have rendered him ineligible for voluntary departure. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229c(a)(1). He argues only that the government did not introduce a certified copy of his drug conviction, as he claims was required by statute, and might have been unable to do so if a competent attorney had insisted on it. This speculative argument fails to show the plausible grounds for relief that Mercado needs to demonstrate prejudice. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012) (per curiam), *amended*, 714 F.3d 1133 (9th Cir. 2013).

   **AFFIRMED.**