**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50075 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01177-BEN-1 |
| v. | |
| JUAN REYES-AGUILAR, aka Jose Angel Valencia-Figueroa, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Juan Reyes-Aguilar appeals the district court's denial of his motion to

dismiss the indictment charging him with attempted entry after deportation in

violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. §

1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Reyes-Aguilar contends that the underlying removal order was fundamentally unfair because (1) his immigration counsel was ineffective for failing to seek post-conviction relief with regard to his 2006 drug trafficking conviction, and (2) the Immigration Judge ("IJ") failed to advise him that he could seek to vacate his 2006 conviction by filing a petition for writ of coram nobis.

"Entry of an order is fundamentally unfair if the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012) (internal quotation marks omitted).

We find that neither Reyes-Aguilar's counsel nor the IJ violated Reyes-Aguilar's due process rights. The judgment of the prior conviction is facially valid, and there is no indication that Reyes-Aguilar informed his counsel or the IJ of any purported deficiency in the prior conviction. Further, the IJ did not violate Reyes-Aguilar's due process rights by not advising him to ask for a lengthy delay while he pursued coram nobis relief. *See Grageda v. INS*, 12 F.3d 919, 921 (9th Cir. 1993) (affirming the IJ's denial of continuance and holding that the pendency of a petition for writ of error coram nobis or other forms of collateral attack do not negate the finality of convictions for immigration removal purposes); *see also Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam)

(finding no abuse of discretion where the IJ denied continuance to allow the alien's father to obtain labor certification).

Moreover, even assuming that his due process rights were violated, Reyes-Aguilar failed to demonstrate any prejudice. To prove prejudice, he must demonstrate "that he had plausible grounds for relief from deportation." *Bustos-Ochoa*, 704 F.3d at 1056. Plausibility "requires some evidentiary basis on which relief could have been granted, not merely a showing that some form of immigration relief was theoretically possible." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1050 (9th Cir. 2012).

Reyes-Aguilar contends that he was prejudiced because he plausibly could have succeeded in vacating his prior 2006 conviction. However, during the pendency of this appeal, Reyes-Aguilar also pursued a petition for writ of coram nobis to set aside his 2006 conviction. We deferred our decision in this case to wait for the district court's decision on that petition. The parties recently notified us that the petition has been denied. Thus, we now know that even if Reyes-Aguilar had been informed during the removal proceedings of the availability of post-conviction relief, he would not have been successful—and indeed, has not been successful—in vacating his 2006 conviction. Thus, even if there was error, it was harmless.

3

Reyes-Aguilar's motion for leave to file a supplemental excerpt of record is denied.

We need not and do not address other issues raised in this appeal.

**AFFIRMED.**