**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50551 |
| Plaintiff - Appellee, | D.C. No. 2:12-CR-00762-RGK-1 |
| v. | |
| BENJAMIN AVILA BARRERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Benjamin Avila Barrera ("Barrera") appeals his 57-month sentence for

illegal reentry after deportation under 8 U.S.C. § 1326(a) and (b)(2). We have

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate and

remand.

---

     \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not comply with Federal Rule of Criminal Procedure 32(i)(3)(B), which requires that "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." We "have mandated strict compliance with Rule 32, explaining that the rulings must be express or explicit." *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (quotation marks and citations omitted).

The district court's error in not complying with Rule 32(i)(3)(B) meets the plain error standard. *Doe*, 705 F.3d at 1156. First, the error was plain. The district court did not make any findings or rulings on Barrera's criminal history objection to the PSR. This error also affected Barrera's substantial rights and seriously affected the fairness of the proceedings because his objection, "which could substantially affect his ultimate sentence, w[as] never considered or ruled upon." *Id.*

Because we have found Rule 32 error, the appropriate remedy is to vacate Barrera's sentence and to remand for resentencing. *See, e.g.*, *Doe*, 705 F.3d 1156–57; *United States v. Standard*, 207 F.3d 1136, 1142–43 (9th Cir. 2000); *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516 (9th Cir. 1990) (en banc)

2

("[W]hen the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced."). We therefore do not reach the issue of whether the record supports the criminal history enhancement and leave that determination for the district court on remand.

We reject Barrera's constitutional challenge to the felony and aggravated felony enhancements in 8 U.S.C. § 1326(b)(1) and (b)(2). The Supreme Court has foreclosed this very argument in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Almendarez-Torres* remains good law. *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012) (per curiam) (citing *United States v. Leyva-Martinez*, 632 F.3d 568, 569–79 (9th Cir. 2011) (per curiam)).

**VACATED and REMANDED.**

3

*U.S. v. Barrera*, No. 12-50551
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I agree with the majority that Benjamin Avila-Barrera's constitutional challenge to 8 U.S.C. § 1326 lacks merit. However, I do not agree with the majority's conclusion that the district court committed plain error by failing to comply with Rule 32 of the Federal Rules of Criminal Procedure.

Barrera now challenges the criminal history calculation used to determine his sentence on the basis that his failure to register as a sex offender was relevant conduct to his illegal reentry offense. It is this challenge that the majority faults the district court for failing to resolve. However, Avila-Barrera did not raise a factual issue regarding his assertion that his failure to register as a sex offender was relevant conduct to his illegal reentry offense. Avila-Barrera did not submit an affidavit or declaration stating why he failed to register as a sex offender. At the sentencing hearing, he did not testify to that effect or address the court at all. That failure leaves us with the bare assertion, unsupported by any factual showing, that Avila-Barrera failed to register as a sex offender to avoid detection as an illegal re-entrant. That assertion was addressed and rejected by the probation department. The district court's adoption of the criminal history as calculated by the probation department was sufficient resolution of the issue to satisfy Rule 32. *See United*

1

*States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003); *see also United States v. Rivera-Gomez*, 634 F.3d 507, 513 (9th Cir. 2011) (relying on the facts established in the record to determine the purpose of an offender's conduct).

I would affirm the conviction and sentence.