MEMORANDUM *
Benjamin Avila Barrera (“Barrera”) appeals his 57-month sentence for illegal reentry after deportation under 8 U.S.C. § 1326(a) and (b)(2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate and remand.
*581 The district court did not comply with Federal Rule of Criminal Procedure S2(i)(3)(B), which requires that “[a]t sentencing, the court ... must-for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.” We “have mandated strict compliance with Rule 32, explaining that the rulings must be express or explicit.” United States v. Doe, 705 F.3d 1134, 1153 (9th Cir.2013) (quotation marks and citations omitted).
The district court’s error in not complying with Rule 32(i)(3)(B) meets the plain error standard. Doe, 705 F.3d at 1156. First, the error was plain. The district court did not make any findings or rulings on Barrera’s criminal history objection to the PSR. This error also affected Barrera’s substantial rights and seriously affected the fairness of the proceedings because his objection, “which could substantially affect his ultimate sentence, w[as] never considered or ruled upon.” Id.
Because we have found Rule 32 error, the appropriate remedy is to vacate Barrera’s sentence and to remand for resen-tencing. See, e.g., Doe, 705 F.3d at 1156-57; United States v. Standard, 207 F.3d 1136, 1142-43 (9th Cir.2000); United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (“[W]hen the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced.”). We therefore do not reach the issue of whether the record supports the criminal history enhancement and leave that determination for the district court on remand.
We reject Barrera’s constitutional challenge to the felony and aggravated felony enhancements in 8 U.S.C. § 1326(b)(1) and (b)(2). The Supreme Court has foreclosed this very argument in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and Almendarez-Torres remains good law. United States v. Bustos-Ochoa, 704 F.3d 1053, 1057 (9th Cir.2012) (per curiam) (citing United States v. Leyva-Martinez, 632 F.3d 568, 569-70 (9th Cir.2011) (per curiam)).
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.