**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEJANDRO LIMON-LOPEZ, aka<br>Alejandro Lopez-Limon,<br><br>Defendant - Appellant. | No. 15-50147<br><br>D.C. No. 3:14-cr-01808-CAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 8, 2016[**]
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and DORSEY,[***] District Judge.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Alejandro Limon-Lopez, a Mexican citizen, was deported in 2007 as an alien present without permission. Although Limon-Lopez's 2001 conviction for corporal injury on a spouse gave the government a second basis for his deportation, the government chose to proceed only on the present-without-permission charge because it lacked clear documentary proof of the date of his conviction.

When Limon-Lopez was found in California seven years later, he moved to dismiss his illegal-reentry indictment under 8 U.S.C. § 1326(d), arguing that the immigration judge ("IJ") violated his due process rights by not advising him that he was apparently eligible for voluntary departure. The district judge denied the motion, and Limon-Lopez appeals. Reviewing de novo, we affirm.

To successfully challenge a deportation order based on an IJ's failure to inform an alien of his apparent eligibility for voluntary departure instead of removal, the defendant must show that (1) the IJ's failure violated his due process rights and (2) he suffered prejudice as a result. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). "[A]n alien who is statutorily barred from obtaining relief from removal cannot be prejudiced by an IJ's failure to inform him about the possibility of applying for [that] relief . . . even if the government does not introduce noticeable documentation of the alien's" disqualifying conviction before the IJ. *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012) (per

curiam). Because Limon-Lopez's corporal-injury-on-a-spouse conviction disqualified him from obtaining a voluntary departure, he was not prejudiced by the IJ's failure to inform him that he was eligible for that relief.

**AFFIRMED.**