**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50279 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00433-JAK-1 |
| v. | |
| ERICKA ARELLANO ESCALANTE, AKA Erika Arellano, AKA Yvette Arellano, AKA Ericka Arrellano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Defendant Ericka Arellano Escalante appeals the denial of her motion to

dismiss the indictment against her for illegal reentry after removal in violation of 8

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when, as here, the motion is based on a collateral attack on an underlying removal proceeding. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

To attack collaterally an underlying removal order, a defendant must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). A "removal order is fundamentally unfair if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Valdez-Novoa*, 780 F.3d 906, 913 (9th Cir. 2014) (alteration marks omitted) (quoting *Ubaldo-Figueroa*, 364 F.3d at 1048).

Without deciding whether Arellano's conviction under California Health and Safety Code section 11378 was for a controlled substance offense under the Immigration and Nationality Act (INA), we hold that Arellano cannot show, as a

matter of law, that she plausibly was prejudiced as a result of any alleged defects in her removal proceeding.

In the § 1326 prosecution, Arellano admitted to having been convicted in 2009 for a felony offense in violation of California Penal Code section 273.5(a). A conviction under section 273.5(a) is a categorical crime of violence. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010); *see also* 18 U.S.C. § 16 (defining crime of violence). As Arellano also admitted that she received a sentence of two years imprisonment for the offense, her section 273.5(a) conviction constitutes an aggravated felony under the INA. *See* 8 U.S.C. § 1101(a)(43)(F) (defining "a crime of violence . . . for which the term of imprisonment [is] at least one year" as an aggravated felony).

Arellano therefore would have been statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A)–(B) (requiring an applicant to "ha[ve] been a person of good moral character" "for a continuous period of not less than 10 years immediately preceding the date of [] application"); 8 U.S.C. § 1101(f)(8) (barring a determination of good moral character for individuals convicted of an aggravated felony). Arellano was similarly ineligible for pre-conclusion voluntary departure. *See* 8 C.F.R. § 1240.26(b)(1)(i)(E) (noting that individuals convicted of an aggravated felony are not eligible for voluntary departure); *see also* 8 U.S.C. §

1229c(e) ("The Attorney General may by regulation limit eligibility for voluntary departure under this section for any class or classes of aliens.").

Arellano thus cannot show that she was prejudiced in her removal proceeding, because it is not plausible that she would have received either type of discretionary relief. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012) ("To prove prejudice, [a defendant] must demonstrate that he had plausible grounds for relief from deportation. . . . An alien who is barred from receiving relief cannot meet this plausibility standard." (internal quotation marks and citation omitted)). Moreover, Arellano cannot establish that relief was plausible solely because the government *might* have failed to "introduce noticeable documentation of [the section 273.5(a)] aggravated felony conviction." *Id.* at 1057.

In sum, even if the immigration judge (IJ) incorrectly held that her conviction under California Health and Safety Code section 11378 was a controlled substances conviction, Arellano cannot show that she was prejudiced by the IJ's failure to advise her of discretionary forms of relief. *See Bustos-Ochoa*, 704 F.3d at 1057. Accordingly, Arellano's motion to dismiss the indictment against her under 8 U.S.C. § 1326 was properly denied.

**AFFIRMED.**

4