**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

JOSE ANTONIO LEYVA-MARTINEZ,
a.k.a. Jose Antonio Levya-
Hernandez,

           *Defendant-Appellant.*

No. 10-50269

D.C. No.
3:09-cr-04334-L
Southern District of
California,
San Diego

ORDER

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted to a Motions Panel December 6, 2010

Filed January 27, 2011

Before: Alfred T. Goodwin, Pamela Ann Rymer, and
Susan P. Graber, Circuit Judges.

---

## COUNSEL

Daniel E. Butcher, Esquire, Assistant U.S. Attorney, Office of
The U.S. Attorney, San Diego, California, for the plain-
tiff-appellee.

Gary Paul Burcham, Esquire, San Diego, California, for the
defendant-appellant.

---

## ORDER

PER CURIAM:

Jose Antonio Leyva-Martinez appeals from the 70-month sentence imposed following his conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Leyva-Martinez contends that the district court erred when it applied a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because his prior conviction for inflicting corporal injury on a spouse or co-habitant, in violation of California Penal Code § 273.5, does not qualify as a crime of violence. As Leyva-Martinez concedes however, this contention is foreclosed. *See United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir.) (holding that a conviction under California Penal Code § 273.5 is categorically a "crime of violence" under the Sentencing Guidelines because the offense requires the intentional use of physical force against the person of another), *cert. denied*, 131 S. Ct. 216 (2010).

Leyva-Martinez also contends the district court erred by applying 8 U.S.C. § 1326(b) to enhance his sentence. Specifically, he argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permits enhancement based on the existence of a prior felony, has been overruled by *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), so that his prior felony conviction must be either admitted or proved to a jury beyond a reasonable doubt. We have repeatedly held, however, that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court. *See, e.g., United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 583 (2010); *Butler v. Curry*, 528 F.3d 624, 643-44 (9th Cir.) (citing cases), *cert. denied* 129 S. Ct. 767 (2009). Because *Nijhawan* does not even mention *Almendarez-Torres*, we cannot conclude that *Almendarez-Torres* has been expressly overruled and, accordingly, we reject Leyva-Martinez's con-

tention to the contrary and grant appellee's motion for summary affirmance.

**AFFIRMED**.