**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OTAGUS DEMOND COVERSON,

Defendant - Appellant.

No. 12-30291

D.C. No. 3:09-cr-00075-TMB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 14, 2013
Anchorage, Alaska

Before:  KOZINSKI, Chief Judge, and BERZON and IKUTA, Circuit Judges.

Otagus Coverson appeals the district court's imposition of a mandatory

sentence of life without parole.  Because his arguments are foreclosed by Supreme

Court precedent, we affirm the district court's judgment.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Harmelin v. Michigan*, 501 U.S. 957, 994–96 (1991), forecloses Coverson's argument that the mandatory imposition of a sentence of life without parole violates the Eighth Amendment because it denies the defendant the opportunity for individualized sentencing. Similarly, *Almendarez-Torres v. United States*, 523 U.S. 224, 246–47 (1998), forecloses Coverson's Sixth Amendment argument that the jury, not the district judge, must determine the existence of prior convictions. Because neither *Harmelin* nor *Almendarez-Torres* has been overruled, *see Miller v. Alabama*, 132 S. Ct. 2455, 2470 (2012); *Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013), these cases remain binding. *See State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ("[I]t is this Court's prerogative alone to overrule one of its precedents."); *see also United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) ("We have repeatedly held, however, that *Almendarez–Torres* is binding unless it is expressly overruled by the Supreme Court.").

**AFFIRMED.**