**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10625 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00430-PMP-GWF-1 |
| v. | |
| LOMANDO MARK SCOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Lomando Mark Scott appeals from his convictions for violations of 21

U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c), as well as from

his sentence following those convictions. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  The evidence was sufficient to support the § 924(c) conviction.  *See*

*United States v. Rios*, 449 F.3d 1009, 1011-12 (9th Cir. 2006).  The gun and a large

quantity of drugs were found together in a pillowcase in Scott's car.  Although the

evidence indicated that Scott was hurriedly packing up his car because of the

unexpected eviction, a rational jury could have concluded either that Scott placed

the gun with the drugs in the pillowcase for the purpose of protecting the drugs, or

that the gun and drugs were located together in the house for the same purpose, and

thus -- in either event -- that the gun was possessed in furtherance of the drug

trafficking offense.  *See United States v. Norwood*, 603 F.3d 1063, 1072 (9th Cir.

2010).

2.  We decline to address the instructional error identified in the

government's brief, *see United States v. Thongsy*, 577 F.3d 1036, 1042 (9th Cir.

2009), but not raised in Scott's briefs, *see United States v. Ullah*, 976 F.2d 509,

514 (9th Cir. 1992).

3.  The district court did not abuse its discretion by permitting testimony

regarding Scott's 1994 arrest and convictions.  The fact that Scott had been

previously found with a distribution quantity of drugs and a gun was relevant

under Fed. R. Evid. 404(b) to show, at least, knowledge and absence of mistake or

accident as to his possession of the gun and drugs at issue here.  *See United States*

2

*v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). We conclude that, based on what was known to the district court at the time it ruled, there was no abuse of discretion in the district court's conclusion that the probative value was not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

The arresting officer testified that he was able to remember the incident because Scott answered the door with a gun in his hand, which was "very scary." Scott did not object to this testimony, of which the court was not aware in advance, so we review for plain error. *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc). The district court gave a proper limiting instruction, and we discern no plain error in its decision to do no more to address this testimony.

4. Because Scott did not object to the introduction of the photograph of him standing in front of an image from the movie *Scarface*, or to the related testimony on the basis of Rules 404(b) and 403, we review the admission of that evidence for plain error. *See United States v. Chung*, 659 F.3d 815, 833 (9th Cir. 2011). Even assuming that the *Scarface* evidence was improper, as it appears to have been offered only to establish that Scott matched a profile of drug dealers which the testifying officer had developed, *cf. United States v. Lui*, 941 F.2d 844, 847 (9th Cir. 1991), the error did not affect Scott's substantial rights, *see United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). The officer testified that the

3

*Scarface* image suggested Scott was a drug dealer, but that was already obvious based on the quantity of drugs found in his possession. There was no evidence connecting the *Scarface* image with guns, and so no indication that the error impacted the jury's verdict with regard to the § 924(c) charge.

5. The experienced prosecutor's misconduct in closing is inexplicable. On two separate occasions, she argued to the jury that it should conclude that Scott was guilty of these crimes based on the exact propensity reasoning foreclosed by Fed. R. Evid. 404(b). She told the jury that "the fact that he's done this before is pretty good evidence that he probably did it again," and that, because "[a]nother jury of his peers . . . already made the decision and found him guilty of being a drug dealer," the jury should convict, as "a leopard doesn't change its stripes [sic]." These arguments were in patent violation of Rule 404(b), as should have been obvious to any lawyer. *See United States v. Brown*, 327 F.3d 867, 872 (9th Cir. 2003). The government concedes error.

However, after the second such instance of misconduct, the district court *sua sponte* interjected with a detailed limiting instruction, cautioning the jury that evidence of Scott's prior conviction could not be considered as "evidence of his guilt of the crimes with which he's charged here" and the prosecutor's argument could not be considered "as a suggestion that because Mr. Scott has engaged in or

4

been convicted of conduct previously that he must have done it here." Because juries are presumed to follow such cautionary instructions, *see United States v. Randall*, 162 F.3d 557, 559-60 (9th Cir. 1998), and because the jury may well have viewed the court's *sua sponte* interjection as a reproach to the prosecutor, we conclude that the prosecutor's serious misconduct did not taint the jury's verdict.

6. The district court understood Scott to have made the argument that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been fundamentally undermined by subsequent cases, including, most recently, *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Therefore, that argument was not waived. "We have repeatedly held, however, that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court." *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam). As Scott concedes, *Alleyne* did not expressly overrule *Almendarez-Torres*; instead, it expressly declined to do so. *See Alleyne*, 133 S. Ct. at 2160 n.1.

**AFFIRMED**.