FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50386 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00509-JLS |
| v. | |
| PONCIANO MATA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Ponciano Mata appeals from the district court's judgment and challenges the 60-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mata contends that his sentence is substantively unreasonable because his Guidelines range was artificially inflated on the basis of a 2002 conviction that would have scored fewer points had he not demonstrated ineffective assistance of counsel in connection with his 1997 guilty plea.  The district court did not abuse its discretion in imposing Mata's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court entertained Mata's arguments about his prior conviction and agreed to impose a below-Guidelines sentence.  The 60-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mata's criminal and immigration history, failure to be deterred by prior sentences, and danger to the public.  *See Gall*, 552 U.S. at 51.

Mata also contends that his sentence should not have exceeded two years because the fact of the prior conviction that subjected him to enhanced penalties under 8 U.S.C. § 1326(b) was neither alleged in the information nor admitted by him.  As Mata acknowledges, the Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), which has not been overruled.  *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013).  We, accordingly, remain bound by *Almendarez-Torres*.  *See United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam).

**AFFIRMED.**

14-50386