**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50482 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00519-LAB |
| v. | |
| JULIO CESAR GARCIA-ROSAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 21, 2015[**]

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

Julio Cesar Garcia-Rosas appeals from the district court's judgment and challenges the 48-month sentence imposed following his jury-trial conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Rosas contends that the district court erred by using the Ninth Circuit model jury instruction on reasonable doubt. This claim fails because this court has repeatedly upheld the model instruction. *See United States v. Alcantara-Castillo*, No. 12-50477, 2015 WL 3619853, at *10 n.4 (9th Cir. June 11, 2015).

Garcia-Rosas next contends that the district court violated the Sixth Amendment by increasing his sentence on the basis of a prior felony conviction that was not found by the jury. This argument fails. Contrary to Garcia-Rosas's contention, the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1988), continues to bind this Court. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to revisit *Almendarez-Torres*); *United States v. Leyva–Martinez,* 632 F.3d 568, 569 (9th Cir. 2011) (per curiam) ("We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

**AFFIRMED.**