**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30264 |
| Plaintiff - Appellee, | D.C. No. 9:15-cr-00005-DLC |
| v. |  |
| ARMANDO GOMEZ-HERNANDEZ, a.k.a. Carlos Atondo, a.k.a. Mario Gomez, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Armando Gomez-Hernandez appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

illegal reentry in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Gomez-Hernandez contends that the district court violated the Sixth Amendment by increasing the statutory maximum sentence for his offense on the basis of a prior felony conviction that was not admitted by him or found by a jury. As Gomez-Hernandez concedes, this argument is foreclosed by the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) ("We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand this case to the district court with instructions that it delete from the judgment the reference to § 1326(b)(1). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**