
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10559 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01090-DGC |
| v. | |
| CIRO HERRERA-VASQUEZ, a.k.a. Ciro Herrera-Vazquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and GOULD, Circuit Judges.

Ciro Herrera-Vasquez appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reentry of a removed alien, in violation of 8 U.S.C § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera-Vasquez contends that his sentence is substantively unreasonable because the Guidelines range allegedly overstated the seriousness of his criminal history.  The district court did not abuse its discretion in imposing Herrera-Vasquez's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Herrera-Vasquez's criminal and immigration history.  *See Gall*, 552 U.S. at 51.

Herrera-Vasquez next contends the district court erred by enhancing his sentence under 8 U.S.C. § 1326(b).  Specifically, he argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permits enhancement based on the existence of a prior felony, is no longer good law.  As Herrera-Vasquez acknowledges, this argument is foreclosed.  *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to revisit *Almendarez-Torres*); *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011)  ("We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

**AFFIRMED.**