**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10415 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00249-RM-EJM-1 |
| v. | |
| AGUSTIN ACOSTA-MAGALLANES, AKA Julian Acosta-Padilla, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted November 16, 2016[**]
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Agustin Acosta-Magallanes challenges the 48-month custodial sentence and

2-year term of supervised release imposed by the district court after his guilty-plea

conviction for being found in the United States following deportation, in violation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326, as enhanced by § 1326(b)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Acosta-Magallanes contends that the district court abused its discretion in imposing non-individualized, contradictory supervised release conditions as he likely will not be in the country to follow the supervised release requirements.  A court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. § 5D1.1(c).  District courts, however, have discretion to impose supervised release in cases where added deterrence is needed.  *See United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012); *see also* U.S.S.G. § 5D1.1, cmt. n.5.  A district court imposing a term of supervised release for a deportable alien must articulate "a specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [the defendant's] case."  *Valdavinos-Torres*, 704 F.3d at 693.  Here, the district court gave an adequate and reasoned basis for sentencing Acosta-Magallanes to supervised release.  After considering his past history, the court found that supervised release would deter Acosta-Magallanes from returning to the United States.  At sentencing, the district court also said that the terms of supervised release would apply only if Acosta-

Magallanes returned to the United States. In our view, the district court acted within its proper discretion by imposing a term of supervised release in the circumstances presented.

Acosta-Magallanes also argues that 8 U.S.C. § 1326(b) is unconstitutional, and as a result, his sentence cannot be more than two years. This court has repeatedly rejected this argument, and we are bound to follow the United States Supreme Court's precedent in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), until it is overruled by the Supreme Court. *See United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam); *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). We will not engage in anticipatory overruling of a Supreme Court precedent and consider appellant's argument on this issue as a way to preserve the issue should the Supreme Court change its law.

**AFFIRMED.**