NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOEL ARNOLDO GUERRERO-ALMODOVAR, a.k.a. Joel Guerrero-Almodovar, Defendant-Appellant. | Nos. 15-50370 15-50372 D.C. Nos. 3:09-cr-03915-DMS 3:15-cr-00234-DMS MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

In these consolidated appeals, Joel Arnoldo Guerrero-Almodovar challenges

the 63-month sentence imposed following his guilty-plea conviction for attempted

reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 12-month-and-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

one-day consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Guerrero-Almodovar contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) because his prior conviction under California Penal Code § 211 is not a crime of violence. This claim is foreclosed. *See United States v. Becerril-Lopez,* 541 F.3d 881, 893 & n.10 (9th Cir. 2008) (robbery conviction under California Penal Code § 211 is categorically a crime of violence). Contrary to Guerrero-Almodovar's assertion, *Descamps v. United States,* 133 S. Ct. 2276 (2013), which concerns the modified categorical approach, does not allow us to disregard *Becerril-Lopez. See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with the reasoning of an intervening higher authority).

Guerrero-Almodovar next contends that the district court violated the Sixth Amendment by increasing his sentence on the basis of a prior felony conviction that was not found by a jury. As he concedes, this claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which continues to bind this Court. *See United States v. Leyva-Martinez,* 632 F.3d 568, 569 (9th Cir. 2011)

15-50370 & 15-50372

(order) ("We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

Finally, Guerrero-Almodovar argues that the district court denied him his right of allocution before sentencing him on his violation of supervised release. The record belies this claim. During a consolidated hearing, the court invited Guerrero-Almodovar to speak before imposing sentence on his new conviction for illegal reentry and his violation of supervised release. Thus, Guerrero-Almodovar was given "an opportunity to make a statement and present any information in mitigation," Fed. R. Crim. P. 32.1(b)(2)(E), before the sentence was imposed. *See United States v. Allen*, 157 F.3d 661, 666 (9th Cir. 1998).

**AFFIRMED.**