NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50090 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02624-H-1 |
| v. | |
| JOAQUIN MARIO CIPRIANO-ORTEGA, AKA Mario Cipriano-Ortega, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted March 30, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,*** District Judge.

Joaquin Mario Cipriano-Ortega appeals his conviction and sentence for

illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b), and argues that § 1326 is

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

facially unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review Cipriano-Ortega's constitutional challenges de novo, *see United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012); *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006), and we affirm.[1]

I.

Cipriano-Ortega relies on *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), and argues that his conviction is constitutionally invalid because § 1326 relies upon the Immigration and Naturalization Act's ("INA") definition of "alien," which impermissibly classifies on the basis of gender. In *Morales-Santana*, the Supreme Court held that the statutory scheme at 8 U.S.C. §§ 1401(a)(7), 1409(a), and 1409(c)—which provided different physical-presence requirements for unwed mothers and unwed fathers to confer citizenship on their children born abroad— violated the Constitution's equal protection guarantees because it impermissibly relied on gender-based distinctions. 137 S. Ct. at 1700–01. Because of this constitutional infirmity, the Court struck down the portions of the statutes that allowed for a shorter physical-presence requirement for unwed mothers. *Id.* at

---

[1] The government argues that we should review Cipriano-Ortega's challenges for plain error because he did not assert his constitutional challenges before the district court. *See Chi Mak,* 683 F.3d at 1133 ("[C]onstitutional issues not originally raised at trial are reviewed for plain error."). Because we find that Cipriano-Ortega's constitutional challenges fail under de novo review, we do not need to decide whether he could establish plain error.

2

1701. Cipriano-Ortega argues that § 1326 relies on a definition of "alien" in the INA that impermissibly discriminates based on gender and, therefore, his conviction must be reversed.

Cipriano-Ortega's argument is foreclosed by this court's recent decision in *United States v. Mayea-Pulido*, 946 F.3d 1055 (9th Cir. 2020). In *Mayea-Pulido*, the court rejected the argument that "by invalidating the citizenship statute at 8 U.S.C. § 1409(c), *Morales-Santana* invalidated the entire definition of 'alienage' in the [INA]." *Id.* at 1066 n.10. The court also noted that, in making this argument, the defendant "offer[ed] no explanation as to why § 1326 cannot be 'fully operative' after § 1409(c), a wholly distinct provision, ha[d] been invalidated and thus severed from the remainder of the immigration statutes." *Id.* (citing *INS v. Chadha*, 462 U.S. 919, 932–34 (1983)). Thus, this court concluded that "[§] 1326 remains intact after *Morales-Santana*." *Id.* We conclude that *Mayea-Pulido* controls and forecloses Cipriano-Ortega's equal protection challenge to 8 U.S.C. § 1326, and we affirm his conviction.

## II.

Cipriano-Ortega argues that his sentence of 70 months' imprisonment violates the Sixth Amendment because the district court considered his prior California state court conviction, which was neither alleged in the indictment nor proven beyond a reasonable doubt to a jury, to apply the increased statutory

maximum sentence of § 1326(b)(2).

Cipriano-Ortega acknowledges that the Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) (holding that in a § 1326 prosecution, a defendant's prior conviction need not be alleged in an indictment or proven to a jury).  But he argues that *Almendarez-Torres* is no longer good law following *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding that any factor that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, and must be submitted to the jury).  This argument fails because, in *Alleyne*, the Court specifically recognized the "narrow exception" in *Almendarez-Torres*.  *See Alleyne*, 570 U.S. at 111 n.1.  This court has also rejected this argument.  *See United States v. Rodriguez*, 851 F.3d 931, 945 (9th Cir. 2017) ("We have 'repeatedly held . . . that *Almendarez-Torres* is binding unless it is *expressly* overruled by the Supreme Court.'" (alteration in original) (emphasis added) (quoting *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011))).

Cipriano-Ortega also argues that *United States v. Haymond*, 139 S. Ct. 2369 (2019), "comes so close" to overruling *Almendarez-Torres* that this court must abandon its distinction between elements and sentencing factors.  In *Haymond*, the Court held unconstitutional a statute requiring a five-year mandatory minimum term of imprisonment for certain violations of supervised release.  *See id.* at 2378–

4

79 (plurality opinion); *id.* at 2386 (Breyer, J., concurring in the judgment).  A plurality of the Court, however, again recognized *Almendarez-Torres* as an exception to the general rule that any fact that increases a statutory minimum sentence must be submitted to a jury.  *See id*. at 2377 n.3.  Therefore, *Almendarez-Torres* remains good law and forecloses Cipriano-Ortega's argument that his sentence violates the Sixth Amendment.

**AFFIRMED.**