**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50270 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-01507-AJB-1 |
| v. | |
| MARTIN GARCIA-MORENO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Martin Garcia-Moreno appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Moreno contends that the district court procedurally erred in a variety of ways, and imposed a substantively unreasonable sentence, by providing an internally inconsistent justification for the sentence. We review Garcia-Moreno's procedural claims for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and his claim that his sentence is substantively unreasonable for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

The record demonstrates that the district court's explanation for the sentence was not internally inconsistent. The district court discussed Garcia-Moreno's "long history of immigration convictions" and acknowledged the unlikelihood of deterring him, but explained that general and specific deterrence, as well as the need to punish and to avoid unwarranted sentencing disparities, remained important sentencing considerations. The court also acknowledged and gave weight to Garcia-Moreno's mitigating argument concerning his early guilty plea. On this record, the court did not commit plain procedural error. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). Moreover, the within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Garcia-Moreno also argues that his sentence violates the Sixth Amendment because it exceeds two years and he did not admit, nor did a jury find, that he had a

prior felony conviction.  As Garcia-Moreno concedes, *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), forecloses his argument.  Contrary to his contention, *United States v. Haymond*, 139 S. Ct. 2369 (2019), did not overrule *Almendarez-Torres*.  *See Haymond*, 139 S. Ct. at 2377 n.3 (*Almendarez-Torres* is not implicated by the issue decided in *Haymond*); *see also United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) ("*Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court.").

**AFFIRMED.**

19-50270